1  DEBRA W. YANG
   United States Attorney
2  STEVEN D. CLYMER
   Special Assistant United States Attorney
3  Chief, Criminal Division
   JEFFREY A. BACKHUS (SBN 200177)
4  Assistant United States Attorney
   1200 United States Courthouse
5  312 North Spring Street
   Los Angeles, California 90012
6  Telephone: (213) 894-4267
   Facsimile: (213) 894-0141
7
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9
                    UNITED STATES DISTRICT COURT
10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
11

12 UNITED STATES OF AMERICA,    ) No. CR 04-615-CBM
                                )
13            Plaintiff,         ) GOVERNMENT'S RESPONSE TO PRE-
                                ) SENTENCE REPORT FOR DEFENDANT
14            v.                 ) ANDREW K. PROCTOR
                                )
15 ANDREW K. PROCTOR,           ) Sentencing Date:  January 10, 2005
                                ) Sentencing Time:  1:30 p.m.
16            Defendant.         )
                                )
17 _____)

18

19
       Plaintiff United States of America, by and through its
20
   counsel of record, the United States Attorney for the Central
21
   District of California, hereby submits its response to the Pre-
22
   Sentence Report for defendant Andrew K. Proctor.
23
       This response is based on the attached Memorandum of Points
24
   and Authorities, the files and records of this case, and any
25
   ///
26
   ///
27

28
                              1

                                          ENTERED ON ICMS

                                          JAN - 3 2005

1  other evidence and argument that the Court may wish to consider
2  at the sentencing hearing.
3
4  Dated: December 29, 2004          Respectfully submitted,
5                                    DEBRA W. YANG
                                     United States Attorney
6
                                     STEVEN D. CLYMER
7                                    Special Assistant United States
                                     Attorney
8                                    Chief, Criminal Division
9
10                                   JEFFREY A. BACKHUS
                                     Assistant United States Attorney
11
                                         Attorneys for Respondent
12                                       UNITED STATES OF AMERICA
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

I.

GOVERNMENT'S RESPONSES TO DEFENDANT'S FACTUAL CORRECTIONS TO PSR

As an initial matter, defendant's factual objections largely should fail because they are unsupported by the record. "The presentence report is considered reliable evidence for sentencing purposes." United States v. Clark, 139 F.3d 485, 490 (5th Cir. 1998). As a consequence, "a defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth; rather the defendant must produce some evidence that calls the reliability or correctness of the alleged facts into question." United States v. Willis, 300 F.3d 803, 807 (7th Cir. 2002); United States v. Jefferson, 258 F.3d 405, 413 (5th Cir. 2001) ("If no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation"). Because defendant's objections are largely unsupported, his objections must fail.

A. PARAGRAPHS 3, 16 & 79

Defendant argues that the PSR incorrectly states that co-defendant Lemmon was sentenced to 21 months incarceration as to Count 1. (Defendant's Position Re: Sentencing Factors ("Def.'s Position"), at p. 5.) Defendant also argues that Case No. 02-80086 filed in the Southern District of Florida, was dismissed on May 28, 2004. (Def. Position, at p. 6, 8.) However, these factual corrections/objections are irrelevant and "not important to the sentencing determination" and should be disregarded and/or overruled. U.S.S.G. § 6A1.3(a).

1

1  B.  PARAGRAPH 18

2  Defendant's correction/objection to Paragraph 18 of the PSR
3  is irrelevant and "not important to the sentencing determination"
4  and should be disregarded and/or overruled.  U.S.S.G. § 6A1.3(a).
5  C.  PARAGRAPHS 28 & 29

6  Defendant claims that the "summary" of the offense contained
7  in paragraphs 28-29 contains information that is improper under
8  Blakely v. Washington, 124 S.Ct. 2531 (U.S. June 24, 2004), and
9  United States v. Ameline, No. 02-30326, slip op. (9th Cir. July
10 21, 2004).  See Blakely, 124 S. Ct. at 2538 n.9 ("[t]he Federal
11 Guidelines are not before us, and we express no opinion on
12 them").  Nevertheless, in United States v. Ameline, No. 02-30326,
13 slip op. (9th Cir. July 21, 2004), a divided panel of the Ninth
14 Circuit held that Blakely required the vacation of a Guideline
15 sentence in which the sentencing judge had determined the
16 applicability of disputed enhancements, and the circuit remanded
17 for the convening of a sentencing jury, if necessary.

18 While this Court is bound by Ameline, the issue of whether
19 Blakely applies to the Guidelines has not been finally resolved.
20 The federal courts of appeals (like the Ameline panel) have
21 divided on the matter, and, on August 2, 2004, the Supreme Court
22 granted the government's petitions for writs of certiorari from
23 decisions of the Seventh Circuit in United States v. Booker, 2004
24 WL 1535858 (7th Cir. July 9, 2004), and the District of Maine in
25 United States v. Fanfan, No. 03-47-P-H (D. Me. June 28, 2004).
26 The government's petitions raise issues as to whether Blakely
27 applies at all to the Guidelines, and, should Blakely be deemed
28 applicable, whether its application means that the Guidelines

1 cannot be used at all (so as to permit sentencing within the
2 statutory maximum and minimum sentences, with the Guidelines used
3 as a reference guide).

4     The government maintains that Blakely does not apply to the
5 United States Sentencing Guidelines and that sentencing can be
6 conducted under the Guidelines, as it was before Blakely.
7 Alternatively, the government maintains that should Blakely be
8 held to apply to the Guidelines, and should defendant be
9 unwilling to waive whatever rights he may have under Blakely with
10 respect to determination of any contested fact that serves as the
11 basis for either an increase in the defendant's Guideline range
12 or an upward departure, then the parts of the Guidelines system
13 rendered unconstitutional (judicial determination of the
14 predicate facts that serve as a basis for applying the
15 Guidelines) are inseverable from the Guidelines as a whole. The
16 result would be that the Guidelines as a whole should be
17 invalidated, and the Court would be able to impose any sentence
18 between any applicable statutory mandatory minimum and the
19 statutory maximum for all counts in the case. Even under this
20 scenario, the government would recommend the sentence set forth
21 below.

22 D.   PARAGRAPHS 30-40, 48, 53 & 61

23     Defendant makes various unsupported factual
24 corrections/objections to the above-referenced paragraphs.
25 However, these factual corrections/objections are irrelevant and
26 "not important to the sentencing determination" and should be
27 disregarded and/or overruled. U.S.S.G. § 6A1.3(a). Moreover, "a
28 defendant cannot show that a PSR is inaccurate by simply denying

3

1  the PSR's truth." <u>Willis</u>, 300 F.3d at 807. The Court may
2  consider this information "so long as it has sufficient indicia
3  of reliability to support its probable accuracy." U.S.S.G. §
4  6A1.3(a); <u>United States v. Petty</u>, 982 F.2d 1365, 1369 (9th
5  Cir.1993), amended on other grounds, 992 F.2d 1015 (9th
6  Cir.1993), cert. denied, 510 U.S. 1040 (1994). Because
7  defendant's objections are largely unsupported, his objections
8  must fail.

9  E.   PARAGRAPHS 99, 103 & 104

10     Defendant's corrections/objections to Paragraphs 99, 103 &
11  104 are irrelevant and "not important to the sentencing
12  determination" and should be disregarded and/or overruled.
13  U.S.S.G. § 6A1.3(a). Based on the financial information provided
14  by defendant, the government believes that defendant is capable
15  of paying any fine within the applicable range.

16                              II.

17            SENTENCING RECOMMENDATION AND CONCLUSION

18     The government hereby concurs with the findings and
19  calculations contained in the PSR. However, the government
20  believes that it is bound by the terms of the plea agreement.
21  Therefore, pursuant to paragraph 17 of the plea agreement, the
22  government recommends that the Court impose a low-end sentence of
23  6 months imprisonment, to be followed by a term of supervised
24  release as recommended by the USPO. The government also
25  recommends that defendant be ordered to pay a fine in an amount
26  acceptable to the USPO and a mandatory special assessment of
27  $100.

28  ///

                              4

1    The government also requests the opportunity to supplement

2  its position on sentencing as may become necessary.

3

4  Dated: December 29, 2004 Respectfully submitted,

5                              DEBRA W. YANG
                               United States Attorney
6
                               STEVEN D. CLYMER
7                              Special Assistant United States Attorney
                               Chief, Criminal Division
8

9

10   _____
                               JEFFREY A. BACKHUS
11                             Assistant United States Attorney

12                             Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                       CERTIFICATE OF SERVICE

2     I, **PATRICIA BALDERAS,** declare:

3       That I am a citizen of the United States and resident or

4 employed in Los Angeles County, California; that my business

5 address is the Office of United States Attorney, United States

6 Courthouse, 312 North Spring Street, Los Angeles, California

7 90012; that I am over the age of eighteen years, and am not a

8 party to the above-entitled action;

9       That I am employed by the United States Attorney for the

10 Central District of California who is a member of the Bar of the

11 United States District Court for the Central District of

12 California, at whose direction I served a copy of: GOVERNMENT'S
RESPONSE TO PRE-SENTENCE REPORT FOR DEFENDANT ANDREW K. PROCTOR

13

14   **service was:**

15 [   ] Placed in a closed     [ X] Placed in a sealed
    envelope, for collection    envelope for collection and
16    and interoffice delivery    mailing via United States Mail,
    addressed as follows:       addressed as follows:
17
    [ ] By hand delivery       [ X] By facsimile as follows:
18   addressed as follows:

19 [ ] By messenger as follows: [ ] By federal express as follows:

20 Ellyn S. Garofalo, Esq.        Steve Yung, USPO
    Liner Yankelevitz
21 Sunshine & Regenstreif LLP
    1100 Glendon Avenue, 14th Floor
22 Los Angeles, CA 90024-3503

23     This Certificate is executed on **December 29, 2004,** at Los

24 Angeles, California.

25     I certify under penalty of perjury that the foregoing is

26 true and correct.

27                                                                    **PATRICIA BALDERAS**

28